FILED
Nov 12, 2024
09:24 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Clifford Montrell Hicks | ) | Docket No. 2023-08-7416 |
| | ) | |
| v. | ) | State File No. 81108-2023 |
| | ) | |
| Fullen Dock and Warehouse, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

---

## Affirmed and Remanded

---

This interlocutory appeal concerns an employee who fell onto a steel dock at work and reported pain in his neck, back, and shoulders. The employer accepted the compensability of the claim and provided benefits under the Longshore and Harbor Workers' Compensation Act. Following the employee's release at maximum medical improvement, he filed a petition for benefit determination with the Tennessee Bureau of Workers' Compensation. After an expedited hearing, the trial court denied the requested benefits, and the employee has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Clifford Montrell Hicks, Memphis, Tennessee, employee-appellant, pro se

Fredrick R. Baker and Donna Brown Wilkerson, Cookeville, Tennessee, for the employer-appellee, Fullen Dock and Warehouse, LLC

**Memorandum Opinion**[1]

Clifford Montrell Hicks ("Employee") was working for Fullen Dock and Warehouse, LLC ("Employer") on June 21, 2022, when he fell while attempting to connect hooks to cargo that needed to be lifted off of the boat. After the fall, a coworker took him directly to Methodist University Hospital, where he reported falling approximately 6 feet, with no loss of consciousness, and feeling pain in his neck, back, and shoulders. Employee underwent a CT scan of the head, cervical spine, and lumbar spine, all of which were read as normal. He was diagnosed with a back contusion and a scalp hematoma and was given instructions to rest, take Tylenol as needed for pain, and to follow up with his primary care provider in the next two days.

Employee returned to work two days later, but for reasons that are unclear in the record, no initial injury report was completed until July 27, 2022. Employer accepted the claim under the Longshore and Harbor Workers' Compensation Act, which allows the employee to name a preference for a treating physician. Employee indicated he had no preference, and as such, Employer scheduled an appointment with Dr. Christopher Pokabla, an orthopedic specialist. Meanwhile, on August 4, 2022, Employee sought medical treatment on his own with Dr. Mohamad Moughrabieh for complaints of pain in his left shoulder and neck. Dr. Moughrabieh's records reflect that Employee reported falling approximately twenty feet at work. He also reported suffering a loss of consciousness at the time of the fall. Dr. Moughrabieh prescribed a steroid and an anti-inflammatory and also gave Employee injections in his left arm and left hip. He instructed Employee to follow up as needed.

Employee also went on his own to a "Minor Medical Center" at Methodist Healthcare on August 15, 2022, where he saw a nurse practitioner for pain in his left shoulder and neck. The nurse practitioner obtained X-rays of Employee's neck and left shoulder, which were normal, and she prescribed a muscle relaxer and Ibuprofen.[2] The week after that appointment, on August 22, 2022, Employer terminated Employee for excessive absences and tardiness.

On September 19, 2022, Employee went to his first authorized appointment with Dr. Pokabla at OrthoSouth in Memphis. He reported to Dr. Pokabla that he fell almost twenty feet and was unconscious for five minutes. Dr. Pokabla ordered X-rays of the cervical spine, lumbar spine, and left shoulder, which revealed no findings suggesting an acute injury. He referred Employee for an MRI of the cervical spine, lumbar spine, and

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] The record also indicates that Employee sought chiropractic treatment on his own during this time period.

left shoulder, restricted Employee to light duty, and prescribed a narcotic pain reliever. The MRIs were completed on September 20, 2022, and Dr. Pokabla reviewed the results with Employee on October 24, 2022. Dr. Pokabla stated that the majority of the pathology was degenerative in nature. He then released Employee at maximum medical improvement and stated he could return to work full duty, although he did recommend Employee follow up with a spinal surgeon under his own private insurance. Dr. Pokabla completed a Form C30-A the following day, assigning a 0% permanent medical impairment for Employee's purported injuries.

Employee sought further medical care on his own with two more primary care physicians and an orthopedic physician over the following year. These records indicate diagnoses of arthralgia and shoulder sprain. In addition, a referral was made to a neurosurgeon. None of these records reflect any statements regarding causation of the varied diagnoses or the need for a neurosurgical referral.

Employee filed a petition for benefit determination in October 2023 and requested an expedited hearing for temporary disability and medical benefits. The trial court held an expedited hearing on August 20, 2024, at which Employee testified. Employer submitted into evidence the deposition of Dr. Pokabla, which Employee did not attend despite having notice of the deposition. Dr. Pokabla testified he saw no evidence of trauma in his initial examination or in the X-rays he obtained at Employee's first appointment. He also testified the MRIs taken following that appointment correlated with the exam and X-rays in only documenting degenerative changes in the spine. Furthermore, Dr. Pokabla testified the work-related injury caused neither a permanent impairment nor the degenerative changes noted in the diagnostic testing. Finally, he testified that Employee needed no further medical treatment as a result of his work injury, and the only additional medical treatment Employee needs is treatment for his non-work-related degenerative arthritis.

The trial court issued an order on August 28, 2024, denying temporary total disability benefits and Employee's request for additional medical treatment. In doing so, the court acknowledged "that [Employee] fell at work and suffered contusions and a laceration, but he requests medical treatment for continued joint pain. Here, Dr. Pokabla stated [Employee's] work did not contribute more than 50% to his current need for medical treatment. The other doctors did not give causation opinions." Therefore, the trial court denied Employee's pending request for medical treatment. It also denied Employee's request for temporary total disability benefits, as he testified to missing only two days of work, which did not qualify him for temporary benefits pursuant to Tennessee Code Annotated section 50-6-205(a). Employee has appealed.

In his notice of appeal, Employee states, "I was injured at this job and now I am unable to work because of it. This isn't fair and the court did nothing to help." Employee did not file a transcript of the expedited hearing, a statement of the evidence, or a brief. Without a transcript or statement of the evidence, we are required to presume the evidence

presented at the hearing supported the factual findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Furthermore, without a brief, Employee has failed to provide any legal argument in support of his request for benefits or his assertion that the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). The law prohibits us from searching the record for errors, raising legal issues, and making arguments on behalf of a party. Appellate tribunals will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

At an expedited hearing, the employee has the burden of proving he is "likely to prevail at a hearing on the merits of his claim for benefits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Employee presented no evidence at the hearing that his alleged need for treatment of his joint pain was primarily related to the work accident, and, according to the court's order, he admitted to only missing two days of work prior to being determined to be at maximum medical improvement by Dr. Pokabla. Thus, the evidence in the record supports the trial court's finding that Employee was not entitled to temporary disability benefits. In short, we have no basis to conclude the trial court erred in its denial of the requested benefits.

For the foregoing reasons, we affirm the order of the trial court and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Clifford Montrell Hicks | ) | Docket No. 2023-08-7416 |
| | ) | |
| v. | ) | State File No. 81108-2023 |
| | ) | |
| Fullen Dock and Warehouse, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Clifford Hicks | | | | X | montrellhicks2@gmail.com |
| Fredrick R. Baker | | | | X | fbaker@wimberlylawson.com bcopeland@wimberlylawson.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov